# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 21-2309V**

| | |
|---|---|
| WILLIAM M. ROBERSON,<br><br>Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Chief Special Master Corcoran<br><br>Filed: September 21, 2026 |

*William Bliss Hicky, William B. Hicky, Attorney at Law, Nashville, TN, for Petitioner.*

*Emilie Williams, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On December 20, 2021, William M. Roberson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, et seq.[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration resulting from an influenza vaccine received on September 23, 2020. Petition at 1. On June 16, 2026, I issued a decision awarding compensation to Petitioner. ECF No. 50.

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $57,319.31 (representing $55,647.30 in fees plus $1,672.01 in costs). Application for Attorneys' Fees and Costs ("Motion") filed July 6, 2026, ECF No. 54. Furthermore, counsel for Petitioner filed a signed statement indicating that no personal out-of-pocket expenses were incurred by Petitioner. ECF No. 55.

Respondent reacted to the Motion on July 27, 2026, stating that he is satisfied the statutory requirements for a fees award are met in this case, but deferring resolution of the amount to be awarded to my discretion. Response at 2-4, ECF No. 57. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's request and find a reduction in the amount of fees to be awarded appropriate, for the reasons stated below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See *Savin v. Sec'y of Health & Human Servs*., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs*., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. See *Sabella v. Sec'y of Health & Human Servs*., 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs*., 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs*., 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

The rates requested for work performed by attorney William Hicky are as follows: $404.00 per hour for time billed in 2021; $427.00 per hour for time billed in 2022; $461.00 per hour for time billed in 2023; $498.00 per hour for time billed in 2024; $547.00 per hour for time billed in 2025; and $552.00 per hour for time billed in 2026. Motion at 2. The rate requested for 2021 requires no adjustment, but the other rates do.

Attorney Hicky was previously awarded the lesser rates of $417.00 for time billed in 2022, and $427.00 for time billed in 2023. *See Tucker v. Sec'y of Health & Hum. Servs.,* No. 22-293V, 2023 WL 5201689 (Fed. Cl. Spec. Mstr. Jul. 12, 2023). I find no reason to deviate from those determinations, and it otherwise is not the practice of OSM to adjust prior rate determinations upward in later cases. See *Jefferson v. Sec'y of Health & Hum. Servs.*, No. 19-1882, 2023 WL 387051 (Fed. Cl. Spec. Mstr. Jan. 9, 2023). Accordingly, I reduce the rates to be consistent with *Fredericks* and *Walker*. **Application of the foregoing reduces the fees to be awarded herein by $1,116.00.**[3]

The rates requested for 2024-25 fall within the experience range provided in OSM's recently updated Fee Schedules[4] for similarly-situated attorneys, but are nevertheless excessive. Based on my experience applying the factors relevant to determining proper hourly rates for Program attorneys,[5] the following rates would be more appropriate for Attorney Hicky given his relevant experience: $478.00 for time billed in 2024, and $527.00 for time billed in 2025. **Application of the foregoing reduces the fees to be awarded herein by $820.00.**[6] The requested rate of $552.00 for 2026 is reasonable, however, and shall be awarded herein.

[3] This amount is calculated as follows: ($427 - $417 = $10 x 21.50hrs = $215) + ($461 - $427 = $34 x 26.50hrs = $901) = $1,116.00.

[4] The OSM Attorneys' Fee Schedules are available on the U.S. Court of Federal Claims website at https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules

[5] *See McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323 at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

[6] This amount is calculated as follows: ($498 - $478 = $20 x 9.50hrs = $190) + ($547 - $527 = $20 x 31.50hrs = $630) = $820.00.

Furthermore, a few of the tasks performed by attorney Hicky in this matter would more properly have been billed using a paralegal rate.[7] "Tasks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." *Riggins v. Sec'y of Health & Hum. Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Hum. Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010). Although these billing entries reflect reasonably-performed tasks, they must be charged at a reduced rate comparable to that of a paralegal. **Application of the foregoing reduces the amount of fees to be awarded by $800.40**.[8]

## ATTORNEY COSTS

I have also reviewed the requested costs, and find that Petitioner's counsel did not substantiate $11.50 of those costs with the required supporting documentation. ECF No. 54-1. I will nevertheless reimburse the requested costs in full, since the unsubstantiated amount is not particularly large. But Petitioner's counsel should be aware that any future requests for costs may result in a curtailed (or denied) award for failure to include the required description of the amounts incurred along with supporting documentation. *See* Guidelines for Practice Under the National Vaccine Injury Compensation Program at 75-78 (emphasis added).[9]

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs**

---

[7] Entries considered paralegal in nature include drafting basic documents such as an PAR questionnaire, exhibit list, notice of address change, notice of filing, notice of intent, statement of completion, cover sheet, joint notice not to seek review. See billing entries dated: 12/12/2021 (four entries), 09/29/2022 (four entries), 05/16/2023 (one entry), 04/25/2025 (one entry), 05/06/25 (one entry), 05/12/2025 (one entry), and 06/16/2026 (one entry). ECF No. 54-2 at

[8] This amount is calculated as follows: ($404 - $172 = $232 x 1.80hrs = $417.60) + ($417 - $177 = $240 x 0.60hrs = $144) + ($427 - $186 = $241 x 0.20hrs = $48.20) + ($527 – $212 = $315 x 0.40hrs = $126) + ($552 – $229 = $323 x 0.20hrs = $64.60) = $800.40.

[9] The guidelines for Practice Under the National Vaccine Injury Compensation Program can be found at: https://www.uscfc.uscourts.gov/guidelines-practice-under-national-vaccine-injury-compensation-program

**in the total amount of $54,582.91 (representing $52,910.90 in fees plus $1,672.01 in costs) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[10]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

[10] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.